**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| LINDA ROBERTS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | NO.  CIV-11-0951-HE |
| | ) | |
| TARGET CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Plaintiff, Linda Roberts, filed this action seeking relief for "herself and other similarly situated individuals"[1] pursuant to the Age Discrimination in Employment Act ("ADEA") on August 23, 2011.  Complaint at ¶ 1.01.  With respect to her ADEA claim, plaintiff seeks to represent a class of persons who have allegedly been subjected to unlawful termination, constructive discharge and retaliation.  Id. at ¶ 5.01.  Although plaintiff mentions she is also bringing a claim under "Oklahoma state law (in the form of a *Burk* tort, as embodied in the Oklahoma Anti-Discrimination Act ('OADA'))",[2] the complaint does not contain such a claim for relief.  On September 19, 2011, defendant filed an answer to the complaint and also filed a motion to dismiss plaintiff's Rule 23 class action and constructive discharge claims.  Although plaintiff could have filed an amended complaint without leave of court on October 11, 2011, she instead filed a document entitled "Plaintiff's Unopposed Motion for Leave to File an Amended Complaint with Brief in Support" [Doc. #21].  Later that same

---

[1]*Complaint at 1 [Doc. #1].*

[2]*Id. at ¶ 1.01.*

day, plaintiff filed Plaintiff's Amended Motion for Leave to File an Amended Complaint with Brief in Support [Doc. #22].  On October 28, 2011, plaintiff filed a motion pursuant to Fed. R. Civ. P. 20 to add 31 individuals as party plaintiffs.  Plaintiff's Motion to Join Party Plaintiffs with Brief in Support [Doc. #31].  Approximately six weeks later, plaintiff filed a second motion, seeking to add two additional individuals as party plaintiffs.  Plaintiff's Second Motion to Join Party Plaintiffs [Doc. #44].  As the motions are interrelated, the court addresses them in a single order.

A complaint should not be dismissed for failure to state a claim unless it fails to contain sufficient factual allegations "to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  In assessing whether a claim is plausible, the court must construe the complaint in the light most favorable to the plaintiff to the plaintiff and must presume all factual allegations to be true.[3]  Id. at 556; Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

> As the Court held in *Twombly*, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."

Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citations omitted).

---

[3]*In response to defendant's motion, plaintiff presented matters outside the pleadings.  The court did not consider such matters and therefore declines to convert defendant's motion to dismiss into one for summary judgment.  See Fed. R. Civ. P. 12(d).*

Based on these standards, the court finds defendant's motion to dismiss must be granted. To the extent plaintiff seeks to present a state law claim, she has not done so. Other than mentioning a *Burk* tort, she has not alleged such a claim for relief either on her own behalf or in a representative capacity. Moreover, to the extent she seeks to present such a claim in a representative capacity, she must do so pursuant to Fed. R. Civ. P. 23. Plaintiff's complaint, however, contains no facts in support of any of the elements of a class action claim under Rule 23. While the complaint mentions typicality and adequacy of representation, it does not even mention numerosity and commonality, much less plead any facts in support. Likewise, although the complaint mentions constructive discharge, it contains no allegations that plaintiff suffered a constructive discharge. As these defects may be cured by amendment and plaintiff has requested leave to amend, the court will grant plaintiff leave to amend her complaint within **ten (10) days** of the date of this order.

As the court has granted plaintiff leave to amend, resolution of plaintiff's motions to add party plaintiffs is in order. Rule 20 permits the joinder of parties in a single lawsuit "if (A) they assert any right to relief jointly, severally, or in the alternative in respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; *and* (B) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1) (emphasis added). Defendant argues plaintiff's motions should be denied because she filed substantially identical motions in a previously filed case now pending in the Western District of Louisiana. *See* Exhibit 1 to Defendant Target Corporation's Response to Plaintiff's Motion to Join Party Plaintiffs [Doc. #34-1]. Defendant contends this

3

constitutes impermissible claim splitting. In addition, defendant argues all but three of the putative plaintiffs' claims are barred by the statute of limitations and, even with respect to these three, plaintiff has not identified any question common to the claims.

Although the court is troubled by plaintiff's filing identical motions in two jurisdictions, it finds it need not determine whether this constitutes claim splitting as plaintiff's motions fail on a more fundamental basis. First, joinder is not proper if the putative plaintiffs' claims are time-barred, which is the case with respect to all but three of the named individuals.[4] With limited exceptions, age discrimination plaintiffs must exhaust their administrative remedies by filing a charge with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the alleged discrimination. Filing a claim with the EEOC is a jurisdictional prerequisite to filing an action for relief under the ADEA. Shikles v. Sprint/United Mgmt. Co., 426 F.3d 1304, 1317 (10th Cir. 2005). The single-filing or piggybacking rule, however, permits putative plaintiffs who have not filed an EEOC charge to join the lawsuit of a similarly situated plaintiff who has exhausted her administrative remedies.

> "The principle behind the piggybacking rule is to give effect to the remedial purposes of the ADEA and to not exclude otherwise suitable plaintiffs from an ADEA class action simply because they have not performed the useless act of filing a charge." The act of filing a charge is deemed "useless" in situations in which the employer is already on notice that plaintiffs may file discrimination claims, thus negating the need for additional filings.

---

[4]*These individuals are Robert Lovio, Joe Marotto, and Janice Watson.*

Foster v. Ruhrpumpen, Inc., 365 F.3d 1191, 1197 (10th Cir. 2004) (citation omitted). Regardless, the single-filing exception only applies if "the claims of the administrative claimant and the subsequent plaintiff arise out of the same circumstances *and* occur within the same general time frame." Id. (emphasis added). That time frame is defined by the scope of the charging party's EEOC charge. *See* Thiessen v. General Elec. Capital Corp., 267 F.3d 1095, 1110 (10th Cir. 2001); Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1225 (11th Cir. 2001), *cert. denied*, 534 U.S. 1127 (2002). The time frame for opt-in plaintiffs begins 300 days prior to the date the representative plaintiff filed the EEOC charge and ends on the date the charge was filed. *See* id. Plaintiff filed her EEOC charge on October 12, 2010; 300 days prior to that date is December 16, 2009. Therefore, any putative plaintiff who was terminated before that date cannot join this action under the single filing rule. It would therefore be futile to grant plaintiff leave to join such individuals as party plaintiffs.

Moreover, with respect to the three individuals whose claims are not time-barred, plaintiff has failed to demonstrate their claims arise out of the same transaction, occurrence or event as plaintiff's claim. Plaintiff was employed in a store in Oklahoma City, Oklahoma, while the other three individuals were employed in Arizona and Texas. Plaintiff and the three putative plaintiffs worked in four separate stores and were supervised by different people.[5] While plaintiff's complaint contains allegations regarding discriminatory practices

---

[5]*The disparities between plaintiff and the putative plaintiffs is even greater if all 33 putative plaintiffs are considered. The 33 putative plaintiffs were employed in five different states, 14 different cities, and were terminated at different times during an eight year time frame.*

in defendant's Region 300, there is no indication that Arizona, Oklahoma, and Texas are all located within Region 300. Plaintiff's allegations are therefore simply insufficient to permit joinder at this time.

In sum, Defendant's Motion to Dismiss Plaintiff's Rule 23 Class Action and Constructive Discharge Claims Pursuant to Fed. R. Civ. P. 12(b)(6) [Doc. #13] is **GRANTED**. Plaintiff is granted leave to amend her complaint within **ten (10) days** of the date of this order. In light of this ruling, Plaintiff's Unopposed Motion for Leave to File an Amended Complaint [Doc. #21] and Plaintiff's Amended Motion for Leave to File an Amended Complaint [Doc. #22] are **DENIED** as **MOOT**. Plaintiff's Motion to Join Party Plaintiffs [Doc. #31] and Plaintiff's Second Motion to Join Party Plaintiffs [Doc. #44] are **DENIED**.

**IT IS SO ORDERED**.

Dated this 7th day of February, 2012.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE