**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| LINDA ROBERTS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. CIV-11-951-HE |
| | ) | |
| TARGET CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff, Linda Roberts, filed this action seeking relief for "herself and other similarly situated individuals"[1] pursuant to the Age Discrimination in Employment Act ("ADEA") on August 23, 2011. Complaint at ¶ 1.01. In addition to her federal claim, plaintiff also purported to bring a state law claim pursuant to Burk v. K-Mart Corp., 770 P.2d 24 (Okla. 1989). On September 19, 2011, defendant filed an answer to the complaint and also filed a motion to dismiss plaintiff's Rule 23 class action and constructive discharge claims. Thereafter, plaintiff filed motions to amend the complaint and to join 33 additional party plaintiffs.

On February 17, 2012, the court issued an order granting defendant's motion to dismiss the Rule 23 class action and the constructive discharge and *Burk* claims. The court found:

> To the extent plaintiff seeks to present a state law claim, she has not done so. Other than mentioning a *Burk* tort, she has not alleged such a claim for relief either on her own behalf or in a

---

[1]*Complaint at 1 [Doc. #1].*

> representative capacity. Moreover, to the extent she seeks to present such a claim in a representative capacity, she must do so pursuant to Fed. R. Civ. P. 23. Plaintiff's complaint, however, contains no facts in support of any of the elements of a class action claim under Rule 23. While the complaint mentions typicality and adequacy of representation, it does not even mention numerosity and commonality, much less plead any facts in support. Likewise, although the complaint mentions constructive discharge, it contains no allegations that plaintiff suffered a constructive discharge.

Order at 3 [Doc. #50]. The court concluded, "[a]s these defects may be cured by amendment and plaintiff has requested leave to amend, the court will grant plaintiff leave to amend her complaint within **ten (10) days** of the date of this order." Id. (emphasis in original). In the same order, the court denied plaintiff's motions to join additional party plaintiffs. The court found all but three of the putative plaintiffs' claims were time-barred and therefore it would be futile to grant plaintiff leave to join them as party plaintiffs. Id. at 4-5. With respect to the individuals[2] whose claims were not time-barred, the court found plaintiff failed to demonstrate that joinder was permissible pursuant to Fed. R. Civ. P. 20. Id. at 5.

On February 27, 2012, plaintiff filed an amended complaint. Contrary to the court's order denying the motions to join party plaintiffs, the amended complaint named Lovio, Marotta, and Watson as party plaintiffs. In the section entitled "Class Action Allegations", the amended complaint alleges:

> Plaintiffs bring this action for age discrimination and retaliation alleging unlawful discharge on behalf of herself and members

---

[2] *These individuals are Robert Lovio, Joe Marotta, and Janice Watson. Order at 4, n.4 (Doc. No. 50).*

>of the prospective class of discharged employees who worked for Defendant in the United States for five (5) years or longer and were forty (40) years of age or older as of the last date of discriminatory actions taken against them. As an alternative, Plaintiffs bring this action on behalf of herself (sic) and such sub-classes that this Court deems appropriate, including a Sub-class of such employees residing in Oklahoma (collective "sub-classes").

Amended Complaint at ¶ 5.01 [Doc. #51].

This matter is before the court on Defendant's Motion for Judgment on the Pleadings. Defendant seeks an order dismissing the state law class claims and any claims for constructive discharge. In addition, defendant asserts that plaintiff does not have standing to bring claims for declaratory and injunctive relief. Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The standards that govern motions to dismiss for failure to state a claim also govern motions made pursuant to Rule 12(c). Brown v. Montoya, 662 F.3d 1152, 1160 n.4 (10th Cir. 2011). A claim should not be dismissed for failure to state a claim unless it fails to contain sufficient factual allegations "to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In assessing whether a claim is plausible, the court must construe the complaint in the light most favorable to the plaintiff and must presume all factual allegations to be true.[3] Id. at 556; Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

---

[3]*In response to defendant's motion, plaintiff presented matters outside the pleadings. The court did not consider such matters and therefore declines to convert defendant's motion for judgment on the pleadings into one for summary judgment. See Fed. R. Civ. P. 12(d).*

> As the Court held in *Twombly*, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."

Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citations omitted).

Defendant contends plaintiff has not alleged sufficient facts to plead a claim for class certification pursuant to Rule 23. Rule 23 provides that:

> One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
>
> > (1) the class is so numerous that joinder of all members is impracticable;
> >
> > (2) there are questions of law or fact common to the class;
> >
> > (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> >
> > (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). Furthermore, as the United States Supreme Court recently reiterated:

> The class action is "an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." In order to justify a departure from that rule, "a class representative must be part of the class and 'possess the same interest and suffer the same injury' as the class members." Rule 23(a) ensures that the named plaintiffs are appropriate representatives of the class whose claims they wish to litigate. The Rule's four requirements – numerosity, commonality, typicality, and adequate representation – "effectively 'limit the

class claims to those fairly encompassed by the named plaintiff's claims.'"

Wal-Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541, 2550 (2011) (citations omitted).

Although the amended complaint is not clear, plaintiff now concedes that the Rule 23 class relates solely to the *Burk* claim and that Roberts is the sole class representative.[4] She asserts that "the prospective class Roberts seeks to represent (in association with her state-law, class claim) is limited to employees, over age forty, who were discharged in the State of Oklahoma."[5] Plaintiff's Response at 6 n.2. The amended complaint, however, contains no factual allegations regarding numerosity of the Oklahoma class; rather, the amended complaint merely alleges "[t]here are thousands of members of the Class and Sub-classes who are geographically dispersed throughout the United States." Amended Complaint at ¶ 5.03. This is patently insufficient as it provides no factual information with respect to the *Oklahoma* class. Plaintiff presents no allegations regarding the number of stores operated by defendant in Oklahoma, the number of employees at those stores, or an estimate of the number of individuals who might meet the class definition. While plaintiff does not need to allege numerosity with mathematical precision, she does need to allege *some* facts that would support this claim.[6] Furthermore, with respect to the impracticability prong of the numerosity

---

[4]*Plaintiffs Response in Opposition to Defendant's Motion for Partial Judgment on the Pleadings at 6 n.2 [Doc. #60] [hereinafter cited as "Plaintiff's Response"].*

[5]*This class definition is both broader and narrower than the description contained in the amended complaint, which sought certification of a nationwide class, but limited the class to individuals who had worked for defendant for five or more years.*

[6]*In her response to defendant's motion, plaintiff argues – based on materials outside the pleadings – that*

> *[d]efendant operates approximately 1,750 stores. [Doc. No. 51, ¶4.06]. And, it employs more than 360,000 employees. See Ex. 10, Target Fast Facts. Hence, in Oklahoma alone, Defendant employs approximately 2,460 employees at any given time. Therefore, it is certainly plausible to suggest that the number of over-age forty (40) employees discharged in Oklahoma (which would comprise the*

element,[7] plaintiff merely parrots the language of Rule 23 by alleging "[t]he Class and Sub-class of persons described above is so numerous that the joinder of all members in one action is impracticable." Id. As this bare assertion amounts "to nothing more than a 'formulaic recitation of the elements'"[8] necessary for class certification, it does not state a plausible claim for maintenance of a class.

Defendant also asserts that plaintiff has not sufficiently alleged commonality, typicality, and adequacy. While defendant may well be correct, the court need not discuss the remaining Rule 23(a) elements as all four elements must be adequately alleged to state a plausible claim. Plaintiff has been on notice of the deficiencies in her class allegations since defendant filed its motion to dismiss on September 19, 2011. The court likewise noted these deficiencies and granted plaintiff leave to amend specifically to cure these defects. Plaintiff's amended pleading, however, is also deficient. As plaintiff has been given the

---

*prospective class) would include hundreds of employees. In fact, based on Defendant's own (albeit skewed) statistical analysis (as presented in Lachney v. Target Corp., CIV-06-1389-HE, 13.2% of over age forty employees were terminated from their employment with Defendant in approximately a one (1) year period of time. Thus, it can be inferred that the prospective class at issue would encompass more than 300 employees.*

*Plaintiff's Response at 8. The fact that plaintiff cites to information received in the Lachney case indicates that she had sufficient information to plead facts relating to numerosity when she filed the amended complaint. And yet, plaintiff did not do so.*

[7]*It is not sufficient under Rule 23 that the class consist of a certain number of individuals; rather, the class must be so numerous that joinder of those individuals into one action would be unworkable. In Trevizo v. Adams, 455 F.3d 1155 (10th Cir. 2006), the Court of Appeals for the Tenth Circuit affirmed the trial court's finding that a class of 84 "was not such an overwhelmingly large number as to be prohibitive of joinder" particularly since the names and addresses of the potential plaintiffs were readily available. Id. at 1162. In this case, plaintiff has pled no facts, so the class could be anywhere from one to one thousand, and there are no allegations that identifying the names and addresses of the potential plaintiffs – however many there may be – would be difficult.*

[8]*Iqbal, 129 S. Ct. at 1951 (quoting Twombly, 550 U.S. at 555).*

opportunity to cure the defects and has not done so, the court finds dismissal of the Rule 23 class allegations is warranted. Plaintiff may prosecute her state law *Burk* claim solely in her individual capacity.

The court also finds dismissal of plaintiff's claim for injunctive relief is warranted. Defendant correctly notes that former employees do not have standing to seek prospective injunctive relief,[9] and plaintiff does not contest this in her response. Plaintiff's request for injunctive relief is therefore dismissed for lack of standing. Defendant also seeks dismissal of plaintiff's claim for declaratory relief. That claim, however, is retrospective in nature, not prospective; plaintiff seeks a declaration that "Defendant *engaged* in willful age discrimination and/or retaliation". Amended Complaint at 22 (emphasis added). As plaintiff is seeking a declaration about defendant's actions during her term of employment, she has standing to seek such relief.

This matter is also before the court on defendant's motion to strike Lovio, Marotta, and Watson from the amended complaint. Defendant asserts that inclusion of these individuals as party plaintiffs was not only without leave of court, but also was in direct contravention of the court's prior ruling denying plaintiff's motion to add them as party plaintiffs. Plaintiff counters that defendant's motion should be denied as untimely, and that the court's prior order "did not expressly prohibit Plaintiff Roberts from naming Marotta, Lovio and Watson as party plaintiffs in her Amended Complaint." Plaintiffs' Response in Opposition to Defendant's Motion to Strike Additional Plaintiffs from Amended Complaint at 2 [Doc. #62]. Finally, plaintiff argues that Lovio, Marotta, and Watson are proper plaintiffs pursuant to Fed. R. Civ. P. 20.

Rule 12(f) provides that "[t]he court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). While plaintiff is

---

[9]*See Dukes, 131 S. Ct. at 2560; Ellis v. Costco Wholesale Corp.,* 657 F.3d 970, 986 (9th Cit. 2011).

technically correct that defendant's motion to strike was filed one day late,[10] the court has discretion to ignore a late filing, particularly given that the court may strike matters from a pleading on its own initiative. *See* Burnham v. Humphrey Hospitality Reit Trust, Inc., 403 F.3d 709, 712 (10th Cir. 2005); Fed. R. Civ. P. 12(f)(1). Plaintiff's suggestion that the court deny the motion as untimely is thus denied.

Having reviewed the parties' briefs, the court finds that plaintiff's inclusion of Lovio, Marotta, and Watson was directly in contravention of the court's February 7, 2012 order. The court's order granting plaintiff leave to amend was solely with respect to the state law class allegations and the constructive discharge claim. Indeed, that is the only relief requested by plaintiff in her motions to amend.[11] Moreover, the court clearly denied plaintiff's motions to join Lovio, Marotta, and Watson. For her to add them after that express denial is unjustified. Plaintiff's assertion that joinder is proper merely restates arguments already addressed by the court and found wanting. The court therefore orders that all allegations with respect to Lovio, Marotta, and Watson be stricken.

In sum, Defendant's Motion for Judgment on the Pleadings [Doc. #53] is **GRANTED**. Plaintiff's Rule 23 class claims and the claim for injunctive relief are dismissed with prejudice. Defendant's Motion to Strike Additional Plaintiffs from Amended Complaint [Doc. #55] is also **GRANTED**. All allegations with respect to Robert Lovio, Joe Marotta, and Janice Watson are **STRICKEN**. As the amended complaint contains no allegations

---

[10]*Plaintiff is not, however, correct that defendant's answer was untimely. Defendant was served with the amended complaint on February 17, 2012; its answer was therefore due March 5, 2012. Fed. R. Civ. P. 15(a)(3) (response to amended complaint due "within 14 days after **service**") (emphasis added); Fed. R. Civ. P. 6(d) (party granted 3 additional days to respond when service was by mail and time is calculated from date of service under the circumstances referenced in Fed. R. Civ. P. 5(2)(b)(C)-(F)). Therefore, defendant's answer, which was filed on March 5, 2012, was timely. Fed. R. Civ. P. 12(f)(2) provides that motions to strike should be filed "either before responding to the pleading or, . . . within 21 days after being served with the pleading." As the motion to strike was filed one day after defendant filed its answer, it was not timely.*

[11]*Plaintiff's Unopposed Motion for Leave to File an Amended Complaint at 1 [Doc. #21]; Plaintiff's Amended Motion for Leave to File an Amended Complaint at 3 [Doc. #22].*

regarding constructive discharge once those allegations are stricken, defendant's motion for judgment on the pleadings with respect to any constructive discharge claim is also **GRANTED**.

**IT IS SO ORDERED**.

Dated this 20th day of June, 2012.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE