**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| LINDA ROBERTS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | NO. CIV-11-0951-HE |
| | ) | |
| TARGET CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Plaintiff, Linda Roberts, brings this action seeking relief for "herself and other similarly situated individuals"[1] pursuant to the Age Discrimination in Employment Act. This matter is before the court on Plaintiff's Motion to Compel. Plaintiff seeks an order compelling defendant to more fully respond to four requests for production of records that were issued on August 23, 2011. In her motion, plaintiff certifies that the parties held a conference pursuant to LCvR 37.1 on January 23, 2012. Plaintiff's Motion to Compel with Brief in Support at 3 [Doc. #90] [hereinafter cited as "Motion to Compel"]. Plaintiff did not, however, file the motion at issue until August 1, 2012, the date discovery closed. In addition, defendant contends – and plaintiff appears to concede[2] – that three of the requests for production at issue here were not discussed at the LCvR 37.1 conference. Normally, that would be sufficient reason to deny plaintiff's motion to compel with respect to Requests 9,

---

[1]*Amended Complaint at 1 [Doc. #51]. The Amended Complaint also named three other individuals as plaintiffs. On June 20, 2012, the court issued an order striking the additional plaintiffs from the Amended Complaint. Order at 8 [Doc. #89].*

[2]*See Plaintiff's Reply to Defendant's Response to Plaintiff's Motion to Compel at 7 [Doc. #94].*

12, and 22, but it is uncontested that the parties did discuss the issue plaintiff raises with respect to those requests: whether defendant must produce contact information for former and current Target employees. As the underlying issue was discussed, the court will proceed to the merits of plaintiff's motion.

Analysis of plaintiffs' motion begins with the fundamental principle that the touchstone for discovery is relevance. The 2000 amendments to Rule 26 of the Federal Rules of Civil Procedure envision "a two-tiered discovery process; the first tier being attorney-managed discovery of information relevant to any claim or defense of a party, and the second being court-managed discovery that can include information relevant to the subject matter of the action." In re Cooper Tire & Rubber Co., 568 F.3d 1180, 1188 (10th Cir. 2009). Under this process, the court must first determine whether the requested discovery is relevant to the claims or defenses as articulated in the parties' pleadings. If the requested discovery does not meet this standard, the court must then determine "whether good cause exists for authorizing it so long as it is relevant to the subject matter of the action." Id. at 1188-89 (*quoting* Fed. R. Civ. P. 26 advisory committee note (2000)). Relevancy for discovery purposes is broadly defined; information subject to discovery is not restricted to evidence that would be admissible at trial. In re Cooper Tire & Rubber Co., 568 F.3d at 1189. The scope of discovery is, however, subject to limitation where the discovery is unnecessarily cumulative or burdensome in light of the nature and circumstances of the case. Fed. R. Civ. P. 26(b)(2)(C)(i). With these standards in mind, the court will examine each of plaintiff's requests in turn.

Plaintiff's Request for Production No. 9 asks defendant to "[p]roduce a roster" of employees who worked in the same region as plaintiff and who worked "under the same supervisors as Plaintiff throughout Plaintiff's employment with the Defendant." Motion to Compel at 5. Request No. 22 also asks defendant to create a roster[3] of all employees who worked in the same region as plaintiff and had the same job title. Id. Both requests ask for the employee's full name, last known home address, last known home telephone number, date of birth, date of hire, date of separation, and job title. In addition, Request No. 22 asks for the reason for the employee's separation. Id. During the 37.1 conference, plaintiff agreed to limit the geographic scope of the discovery requests to the district in which plaintiff was employed.[4] Id. at 6. Defendant indicated its willingness to provide home addresses for employees and former employees, but refused to give other contact and personal information. Plaintiff contends she needs this information – particularly telephone numbers – so she can identify potential witnesses and can determine the composition of defendant's workforce.

The court concludes plaintiff has not sustained her burden of establishing that anything beyond the district level is relevant or that she is entitled to dates of birth and home telephone numbers of employees and former employees. Plaintiff has been given names, which should be sufficient to identify potential witnesses, and defendant offered to provide home addresses provided it could ensure that plaintiff's counsel was not using the contacts

[3]*Although it could be argued these requests are not proper under Fed. R. Civ. P. 34 since they require defendant to create documents, defendant did not assert this argument.*

[4]*Defendant's organizational structure begins at the store level. Stores are grouped into districts, districts into groups, and groups into one of four regions.*

to solicit clients. Telephone numbers for employees and former employees are also not needed to determine the composition of defendant's workforce; that information can be gleaned from information as to the employee's age at the time of hire and at the time of termination. To the extent defendant has not provided that information, it should supply these ages. In addition, defendant should provide the last known home address for each former employee listed; for current employees, plaintiff's counsel should contact defendant's counsel to arrange any interviews. Moreover, the court concludes defendant's agreement to expand the temporal scope to one-year prior to the 300-day period preceding plaintiff's charge of discrimination is reasonable under the circumstances, given the court's earlier finding that the relevant time period is December 16, 2009 to October 12, 2010. *See* Order at 5 [Doc. #50]. Plaintiff's motion to compel with respect to Request Nos. 9 and 22 is therefore denied, except to the extent noted above.

Likewise the court denies plaintiff's motion to compel further response (beyond age and residence information as noted above) to Request No. 12. This request seeks "all documents" "[f]or all persons who were disciplined or terminated from their employment for the same or similar reason as Plaintiff and who worked under the same supervisors as Plaintiff". As with the prior requests, plaintiff seeks the "name, last known home address, last known home telephone number, date of birth, date of hire, and date of termination for each" former employee. Motion to Compel at 9. There were no temporal or geographic limits contained in the request. Nonetheless, defendant has agreed to provide information regarding persons employed within the same district as plaintiff and to expand the temporal

scope to December 16, 2008 to October 10, 2010. Plaintiff challenges both the temporal and geographic limitations and defendant's failure to provide contact information. As noted above, however, the court finds the temporal and geographical limitations to be reasonable; plaintiff has presented no persuasive reason to expand discovery beyond those limits. Moreover, plaintiff's claim that the requested information is relevant to the issue of pretext is illogical. Pretext is more likely to be shown by information that individuals with conduct and evaluations similar to plaintiff were *not* terminated or disciplined. This request, however, seeks the exact opposite. The court therefore denies plaintiff's motion to compel with the exception that defendant should supplement its response with the employees' ages at the date of hire and termination and their last known home address.[5]

Finally, plaintiff seeks to compel documents in response to Request No. 34, as narrowed by the parties. Based on the exhibits attached to plaintiff's motion and defendant's response, it appears that defendant has produced all documents in its possession that are responsive to this request. *See* Exhibit 5 to Motion to Compel at 2; Target's Response to Plaintiff's Motion to Compel at 23 [Doc. #92]. The court therefore denies plaintiff's motion to compel.

In sum, plaintiff's motion to compel [Doc. #90] is **DENIED** except to the limited extent noted above.

---

[5] *To the extent the roster provided by defendant includes any current employees, defendant need not provide the home addresses of those employees. Plaintiff's counsel should contact defendant's counsel to arrange any interviews.*

**IT IS SO ORDERED**.

Dated this 1st day of October, 2012.

JOE HEATON
UNITED STATES DISTRICT JUDGE